UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEANTY FALANDO ALTENOR,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-1388-CCB-SJF |

**OPINION AND ORDER**

Immigration detainee Jeanty Falando Altenor, a litigant without counsel, filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.[1] (ECF 10.)

Mr. Altenor is a citizen of Haiti who entered the United States in 2016. (ECF 12-1 at 3.) In 2020, he filed an application for permanent resident status, and in May 2023, his application was approved by United States Citizenship and Immigration Service (USCIS). (*Id.*) In August 2023, he was convicted of child abuse in Florida. (*Id.* at 4.) In August 2024, he was convicted of making threats to kill or do bodily injury in Florida. (*Id.* at 4.)

In February 2026, removal proceedings were initiated against him charging him as removable due to his two criminal convictions. (*Id.* at 4-8.) He was taken into custody by agents of Immigration and Customs Enforcement (ICE) in Florida and then transferred to

[1] His original petition was unsigned (ECF 1), but he has since corrected this deficiency (ECF 10).

Miami Correctional Facility pending the outcome of his removal proceedings.[2] (*Id.*; ECF 10.) He asserts that the government will not release him on bond and argues that his detention without an opportunity for bond is unlawful. (ECF 10.)

In an order to show cause, the court directed the Warden to answer the petition. (ECF 7.) That answer has been filed (ECF 12), and Mr. Altenor filed two separate reply briefs.[3] (ECF 13, 15). He also filed a motion seeking immediate release from custody or, alternatively, expedited consideration of his petition. (ECF 14.) The motion will be granted to the extent that the court is resolving his petition in the present order. Because he has not shown an entitlement to immediate release, that aspect of his motion will be denied.

The Warden responds that Mr. Altenor is subject to mandatory detention under 8 U.S.C. § 1226(c) because of his criminal convictions. (ECF 12.) That statute provides in pertinent part, "The Attorney General shall take into custody any alien who . . . is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii)." 8 U.S.C. § 1226(c). Here, Mr. Altenor is charged with being removable under section 1227(a)(2)(A)(ii), which authorizes removal when "at any time after admission" a noncitizen is "convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct."[4] 8 U.S.C. § 1227(a)(2)(A)(ii). Because he is

---

[2] Immigration records reflect that Mr. Altenor came to the attention of immigration officials in February 2026 after a new arrest in Florida for battery and other charges. (ECF 12-1 at 4.) The status of those charges is not revealed in the present record.

[3] The show cause order only authorized him to file one reply (ECF 7), but in deference to his *pro se* status, the court has considered the arguments raised in both replies.

[4] "Neither § 1227 nor any other provision of the immigration laws defines 'crime of moral turpitude,' so the agency has some latitude in supplying a definition," subject to judicial review by the Circuit. *Abdelqadar v. Gonzales*, 413 F.3d 668, 671 (7th Cir. 2005).

charged with being removable under that statute, the mandatory detention provision in 8 U.S.C. § 1226(c) is triggered. The mandatory detention provision in § 1226(c) has been held constitutional on its face. *See Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings [pursuant to § 1226(c)] is a constitutionally permissible part of that process."); *Parra v. Perryman*, 172 F.3d 954, 958 (7th Cir. 1999) ("Given the sweeping powers Congress possesses to prescribe the treatment of aliens . . . the constitutionality of § 1226(c) is ordained.").

The Warden argues that Mr. Altenor has available administrative remedies to challenge his detention under § 1226(c) that he has not exhausted. (ECF 12.) A noncitizen detained under § 1226(c) may request a determination as to whether he is properly included in a mandatory detention category. *Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999); 8 C.F.R. § 1003.19(h)(2)(ii). This is called a *Joseph* hearing, during which the immigration judge considers whether the government is likely to establish the charge supporting mandatory detention. *Joseph*, 22 I. & N. Dec. at 800, 806. A favorable determination permits consideration of whether discretionary release is warranted under 8 U.S.C. § 1226(a), although it does not require release. *Id.* An adverse determination may be appealed to the Board of Immigration Appeals. 8 C.F.R. § 1003.19(f).

As the Warden points out, the record reflects that Mr. Altenor has not requested a *Joseph* hearing or otherwise exhausted a claim within the agency that he is entitled to

release on bond while his removal proceedings are pending.[5] The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (superseded by statute on other grounds). "[E]xhaustion of administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of "sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative comity, but "individual interests demand that exhaustion be excused" when:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Id.* (citation omitted).

Mr. Altenor has not shown that the court should excuse him from exhausting under the circumstances.[6] Without knowing whether the government will afford him a hearing if

---

[5] The record reflects that Mr. Altenor filed a motion for release on bond when his case was pending in a Florida immigration court but then withdrew it. (*See* ECF 12-1 at 53-54.) He disputes that he withdrew the motion, stating that the attorney previously representing him told him the Florida immigration judge denied the motion because his case was transferred from Florida to Indiana. (*See* ECF 15 at 2.) Be that as it may, there is no indication he filed a formal *Joseph* motion or otherwise pursued a request for a custody redetermination after his case was reassigned, nor did he appeal any allegedly erroneous ruling by the original judge. Under applicable rules he may seek a custody redetermination at any point before the removal order becomes final, and may also appeal an adverse ruling to the BIA. *See Joseph*, 22 I. & N. Dec. at 805–06; *See In re Uluocha*, 20 I. & N. Dec. 133, 134 (BIA 1989); 8 C.F.R. § 1003.19(f).

[6] His argument that his personal circumstances warrant discretionary release under 8 U.S.C. § 1226(a) misses the mark, because the government is detaining him under 8 U.S.C. § 1226(c), not § 1226(a). (*See* ECF 13.) He also argues that his criminal history does not warrant mandatory detention, which is an argument he could present to the agency but has not. (*See* ECF 15.)

he asks for one, it would be premature to grant him habeas relief. *See Kane v. Zuercher*, 344 F. App'x 267, 269 (7th Cir. 2009) (declining to excuse § 2241 habeas petitioner from exhausting and observing that he "may well be correct that the [agency's] hands are tied, but he also may be mistaken. Until he asks, we cannot know whether [the agency] may yet be able to grant some relief."). Although he would prefer for this court to decide in the first instance whether his criminal record qualifies him for mandatory detention under 8 U.S.C. § 1226(c), the appropriate course is to require him to exhaust this claim within the agency first. *See Singh v. Warden*, No. 3:26-CV-1232-CCB-SJF, 2026 WL 3056862, at *3 (N.D. Ind. Oct. 9, 2026) (Brisco, J.) ("[B]efore seeking habeas relief on his classification claim [challenging the application of § 1226(c)], Mr. Singh must pursue a *Joseph* hearing and, if necessary, a BIA appeal of the adverse custody determination."). If he does not obtain relief through the administrative process, he is free to file a new petition.

For these reasons, the court **GRANTS IN PART** and **DENIES IN PART** the petitioner's motion (ECF 14), **DISMISSES** the amended petition (ECF 10) **WITHOUT PREJUDICE** for lack of exhaustion, and **DIRECTS** the clerk to enter final judgment and close this case.

SO ORDERED on October 29, 2026.

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT